By the Court.—Sedgwick, J.
It appeared that before the trespass complained of, the defendant had been in actual possession of the lots. That then the plaintiff entered under his landlord, Mr, Townshend, and built a small house. This was afterwards torn down, but the plaintiff was in actual possession when the defendant entered and did the damage complained of. If Townshend was the owner in fee, at the time the plaintiff was in possession, the latter had an action of trespass against defendant. And in case the defendant had no title, when in possession, he was only a trespasser as to Townshend, if the latter had title. The latter might lawfully enter, so far as the matter of title and possession between the parties was concerned. *92 Any subsequent entry of defendant was a trespass as to Townskend and the plaintiff, Ms lessee.
These being the rights and obligations of the parties, the plaintiff proceeded to prove Townshend’s title.
The only question that I can perceive, that the defendant raised or called to the court’s attention, had regard to the intrinsic character of the conveyance by Selden to Adriance, and the only point actually raised was that such conveyance could transfer no title, because of the uncertainty of the description of the premises, there being no “ word of description, whereby a single inch of land, within the 290 acres composing the Harlem Commons can be located.” The argument was ‘ ‘ It is, therefore, so far as conveying any portion of said commons, inoperative and void.”
The objection does not seem valid. A general clause of description is sufficient. An ancient and most common form was all my land or messuages, &c., in such a town or county. The appellant cites Jackson v. Delancey, 13 Johns. 551, as sustaining his position. That case referred to the certainty of description necessary in proceedings to sell taken by sheriffs, but the chancellor takes the distinction and says : “ Perhaps the case may be different, if the description in the mortgage be general, and the mortgagee sells under a power and the mortgagor will not come forward at the sale and point out and identify the lands. The sale in such a case depends upon the contract of the parties, &c.” The case affirmed the judgment of the supreme court (11 Johns. 373), and the opinion of the supreme court had said more specifically: u The general description in this mortgage is liable to no objection. A party conusant of his right may sell a mortgage, by general description, though an officer must define what he sells. The general description was : ‘ And also other the lands, tenements and hereditaments whereof *93 the said William &o., was seized, &c., within the county of Ulster.” The present description is very much like it. All the land within the commons, which the party has not conveyed, is tantamount to all the land there of which he is seized.
On the trial or the argument the defendant did not raise any question as to whether, in order to show title under the deed of Selden to Adriance, it was necessary for the plaintiff to give some proof that Selden, at time of his deed, had not conveyed or remained seized of that part of the commons which is now described as lots numbers 59 and 60. That specific question has not been presented, and it is not necessary to find if it has any importance. It was not presented below, and probably, as I judge from a part of the printed brief, because it was taken for granted that the record would have disclosed no conveyance, and that that was sufficient for the purpose as against the defendant, as he did not prove any title from Selden.
The judgment and order denying motion for new trial should be affirmed with costs.
Curtis, Ch. J., concurred.